MEXICAN GULF LAND CO. v. GLOBE TRUST CO. et al.

[88 South. 512, No. 21607.]

1. CORPORATIONS.   *Corporate deed executed by secretary to himself, as grantee not void, where president also joined.*

The fact that a deed from a corporation to an individual to land was executed on the part of the corporation by its secretary, who was also grantee in the deed, does not render the conveyance void, where the president of the corporation also joined in the execution of the deed, under section 2766, Code of 1906 (section 2270, Hemingway's Code), which provides, among other things, that a corporation may convey its land under the corporate seal and the signature of an officer.

2. ACKNOWLEDGMENT.   *Corporation's deed need not be acknowledged nor filed for record as between parties.*

A conveyance of land by a corporation, in order to be valid as between the parties thereto, is not required to be acknowledged by the officer executing the same for the corporation, nor filed for record; such a deed being valid without being so acknowledged and filed for record; acknowledgment and recording being required for the purpose alone of constructive notice to others subsequently dealing with the land conveyed.

3. CANCELLATION OF INSTRUMENTS.   *Petition held insufficient to state grounds for cancellation of corporation's deed to its secretary.*

A bill in equity by the grantor in a deed against the grantee to set aside and cancel such deed as a cloud upon the grantor's title, the grantor being a corporation, which alleges as grounds for cancellation of such deed that the consideration therein mentioned is "feigned and fictitious;" that the grantee in the deed was the secretary of the grantor corporation, and joined in the execution of the deed to himself, together with the president of the corporation; that the deed was not legally acknowledged by the president of the corporation—states no grounds for cancellation of such deed.

APPEAL from chancery court of Harrison county.

HON. W. M. DENNY, Jr., Chancellor.

Suit by the Mexican Gulf Land Company against the Globe Trust Company and others.  Decree for defendants, and plaintiff appeals.  Affirmed and remanded.

*White & Ford,* for appellant.

Section 2799, Code 1906, provides mandatorily that in an acknowledgment to a deed the state and county must be stated. Some states have no such statues; some have them and provide that the directions therein contained are directory merely; some states hold the act of the officer in taking the acknowledgment acts, judicially, others ministerially, and Mississippi, through many decision of this court, holds such an act is judicial. The authorities are uniform that where the act is judicial the jurisdictional facts must appear and the authorities are uniform that where the statute provides how the acknowledgment shall be performed, the courts of the state hold such an act is judicial in its nature, that failure to comply with the statute renders the attempted acknowledgment a nullity.

So, bearing in mind that this court has held in the case cited in original brief and in *Tinnin* v. *Brown,* 98 Miss. 378, that where the acknowledgment of a deed is fatally defective, it is not entitled to record and is not constructive notice to subsequent purchasers, we will cite authority to maintain our position.

In this case there was no substantial compliance with the statute. We desire to say that there are cases decided in states where taking an acknowledgment was not held to be judicial and where the statute was only directory and so held to be by the courts of such states, holding that a substantial compliance was sufficient. But in this case we submit there was no sort of compliance. In every case where the statute is mandatory, the courts hold the statute must be complied with.

If wanting, (the acknowledgment) it cannot be supplied; if defective, it cannot be amended; and, if properly authenticated, it cannot be gainsaid nor questioned, except for fraud . . . (citing three Mississippi cases) the officer who takes it performs a judicial act in determining whether it was acknowledged in the mode and manner required by law; and he is required by his certificate to authenti-

cate the judicial conclusion to which he has arrived, etc. *Harmon* v. *Magee*, 57 Miss. 415.

The officer who takes an acknowledgment acts in a judicial character his act is an official record. *Wasson* v. *Conner*, 54 Miss. 351.

Vol. 1, Corpus Juris, page 810, discusses the question citing authorities on the question of whether taking an acknowledgment is a judicial or ministerial act, and it puts Mississippi in the first class along with many other states with very able courts, and cites the two cases last above referred to. In the case at bar the instrument fails to recite the necessary jurisdictional facts and in this state, the certificate cannot be enlarged by averment. *Willis* v. *Gattman*, 53 Miss. 721.

It will be noted by the court that the deed in this case has no caption at all, neither at the head or beginning of the instrument, or before the acknowledgment.

As an illustration of the trend of the law, in states where there are no statutory provisions such as Section 2799, Code 1906, or where, having such provisions, the same are directory, the rule is laid down that: "In order to be regular, a certificate of acknowledgement should in some way show either of itself, or when read in connection with the instrument acknowledged, the state and county where the acknowledgment was taken," and: "Where the venue is not required to be stated by the statute prescribing the form of acknowledgment of certain instruments, an erroneous recital of venue may be disregarded as surplusage." 1. Corpus Juris, p. 829-30.

Every acknowledgment of a deed should show on its face that it was taken within the jurisdiction of the officer certifying it. *Leavitt* v. *Thornton*, 108 N. Y. Supp. 162.

The words "United States of America" is too indefinite as a venue. *Montag* v. *Linn*, 19, Ill. 399. A very good case we now refer to the court; in the case of *Hardin* v. *Kirk* 95 Am. Dec. (Ill) at page 582. In the Hardin case the county was given. In this case nothing is given anywhere, even in the caption of the deed proper.

A tax deed not acknowledged in the manner required by statute is void upon its face. *Matthews* v. *Blake,* 27 L. R. A. (N. S.) 399 (Wyoming). This court, in discussing failure to comply with statutory requirements as to acknowledgments adopts the clearest and most persuasive reasoning we have found. The logic is unanswerable. We quote: "This is the mode in which the statute says the contract shall be concluded, and to say that the statute should not be followed, would be equivalent to saying that its provisions might be wholly disregarded. It is not a choice between a statutory and a common-law mode of proceeding but it is either to follow the statute, or act without any rule of law at all on the subject." *Dalton* v. *Murphy,* 30, Miss. 59.

Could anything be clearer or founded on better reason? If one provision of the statute can be disregarded, then why cannot the whole provision even to dispensing with any acknowledgment at all? Where the statute requires an instrument to be acknowledged or proved, before it is entitled to resignation, the record of an instrument, which appears on its face to have been defectively acknowledged or proved, will not import constructive notice to subsequent purchasers in good faith. 1 C. J. 772, *Citing Emslie* v. *Thurman,* 87 Miss. 537; *Wasson* v. *Conner,* 54 Miss. 351; *Tillman* v. *Cowand,* 19 Miss. 262, 12 S. & M. 262; *Emeric* v. *Alvarado,* 27 Pac. (Cal.) p. 362.

We submit therefore it cannot be disputed that in this state a deed cannot be admitted to record until acknowledged as required by statute. The acknowledgment is the most material part of the transaction. It is its culmination. The act is a nullity until it is done, and then to say it can be half way done would be absurd. To make such a rule would abrogate the statute to each individual his own method of making an acknowledgment. A defective acknowledgment as we have seen, is no acknowledgment at all. This doctrine is peculiarly applicable to this state and is so well established as to make assault a vain undertaking.

*Leathers & Moore,* for appellee.

We direct the court's attention here to the fact that there is no allegation or charge of fraud in this bill of complaint whatever; that this paragraph of the bill of complaint which appears to be the gist of the appellant's case as set out in its bill, does not charge any fraud of any sort or any sort of collusion or unfairness on the part of the Secretary, Leland J. Henderson, in purchasing the said land. It does not appear that the complainant corporation was overreached or defrauded or in any manner treated unfairly with reference to said transaction, but simply sets out the naked, unsupported assertion that the President of the said company did not acknowledge said deed to Leland J. Henderson, as required by the laws of the state of Mississippi.

With reference to the deed itself, filed as an Exhibit to the bill of complaint, it appears that this allegation of the bill is inconsistent with the allegations of the exhibit to the said bill, to-wit: The deed, because the deed and the acknowledgment thereto of the president of the corporation, shows on its face, that the president did acknowledge the deed, as president of the corporation in conformity to the laws of the state of Mississippi. Therefore, this allegation in the bill can be of no effect and can have no force whatever in this condition as a pleading. The deed and the acknowledgments to it by the president and the secretary also, for that matter, are regular on its face; it contains all of the legal requirements provided by the laws of this state for the execution of a deed and a good and valid deed of this character, and a simple assertion in the bill of complaint to the contrary, in the face of the recitals in the deed and its apparent regularity, a copy of the deed being filed as an Exhibit to the said bill, amounts to nothing and are therefore insufficient allegations and averments, and show no sufficient cause of action. In other words, the ground of the demurrer, that there is no equity on the face of the bill, is fully sustained by reason of the foregoing facts appearing on the face of this bill of complaint.

In addition to this, the deed being regular on its face, and there being in the bill of complaint no allegation of fraud as to the appellees or any of them, and no allegation of unfair conduct in the purchase of the said land by Leland J. Henderson, the Secretary, under a well known principle of law, the appellant company is now estopped by this deed, valid and regular on its face, from setting up any claim to this land, and from denying the appellees, Wesley Williams and his wife, the present owners, are the real, legal and equitable owners of the said land. This is true where the deed is regular on its face, is legal and valid, and there is no allegation of fraud or unfairness in the bill of complaint as to the execution and delivery of it; and there is none in this case.

We therefore submit that for this reason, if no other, this pretended suit is at an end and in view of the allegations of this bill of complaint, and that the demurrer was properly sustained by the trial court.

Counsel for appellant in its brief has cited four Mississippi cases, which we have read, and which we submit are not even remotely in point to support appellant's contention.

In *Millsaps* v. *Chapmen,* 76 Miss. 842, the corporation was insolvent, and the consideration of the purchase of the property by the official of the corporation, while in this insolvent condition, was paid principally with the stock of this same insolvent corporation, but even in that case the court said that the sale was valid and it was permitted to stand, but required the purchasing official of the said corporation to pay the balance of the purchase money in cash.

The case of *Holden* v. *Brimage,* 72 Miss. 228, we are unable to discuss in connection with this case as it has reference to the illegality of an act of a trustee in a deed of trust, with a power of sale, who attempted to take the acknowledgment of a grantor in this deed of trust. The reason why this acknowledgment was void and of no effect are so apparent as to need no discussion, and inasmuch

as it is in no way analogous to the case now under discussion either in law, or in fact, we take it that it is unnecessary to comment further on it.

In the case of *Wasson* v. *Conner,* 54 Miss. 351, the same is true so far as the lack of similarity of any principal discussed in that case with the case here presented. The same dissimilarity in principal exists in the case of *Jones* v. *Potter,* 59 Miss. 628, cited by the appellant.

In the case of *Barker* v. *Jackson,* 90 Miss. 621, a chancery clerk undertook to buy lands at a tax sale in his own county, and the court held this conduct on his part was illegal, and that he acquired no title for the reason that he had to handle the records, and in fact do some of the things necessary to the very legality of the same sale under which he was undertaking to buy lands at this tax sale, and the reason and the legal principle which was applied in this case declaring the chancery clerk's purchase of these lands void, has not even the remotest application to the principles of law involved in the case under discussion and would not have any even if the deed from the appellant to Leland J. Henderson was irregular on its face, which is not true, as will appear by reference to it, and of course a naked assertion in appellant's bill of complaint to the contrary cannot overcome the fact that the deed appears regular on its face, because the deed is filed as an exhibit to the bill of complaint and is made a part of it, and is controlling as to its contents, provisions and recitals.

We desire to direct the court's attention especially in analyzing appellant's brief to the case of *Wardell* v. *R. R. Co.,* 103 U. S. 551, 26 Law Ed. 509, in that it supports exactly the contention appellees are making in this case, particularly with reference to the inadequateness of the allegations in appellant's bill of complaint for the purpose of entitling it to any relief, and for the further purpose of sustaining appellee's contention that the demurrer to the same should have been sustained in view of the insufficient allegations in this bill.

Having thus briefly discussed appellant's brief, we pass on to the principles of law governing this case and their application. This court has held that a corporation by its acquiescence for a long time, with knowledge of the facts, is estopped from questioning a contract made for its benefit. by its president in his individual name. *Belzoni Oil Co.* v. *Yazoo R. R. Co.,* 94 Miss. 59, 47, So. 468. Section 2270 of the Code of Mississippi provides how corporations in this state may convey lands—and it provides in substance that a corporation may convey its lands under its seal, by a deed executed by an officer of the corporation, without specifying what officer shall execute such a deed, and in the absence of any allegation in the bill of complaint that the officer executing the deed in the particular case had no authority to execute same, it will of course, be presumed to have been executed by a proper officer having authority to do so. 10 Cyc. 780, and numerous authorities thereunder cited.

The deed from the Mexican Gulf Land Company to Leland J. Henderson, under which the appellees, Wesley Williams and his wife, now claim title, to the land in this suit, shows on its face that it was executed pursuant to a resolution of the complainant corporation. 10 Cyc., page 78, par. 9.

The general, well accepted and common sense rule of law that applies relative to the purchase of property whether real or personal, by an officer of a corporation from the corporation is as follows: That a director or any other officer may purchase property from the corporation in which he is director or officer, provided the sale is made in good faith. This general rule covers the necessary elements in order to support the validity of any sale of a corporation to one of its directors; if it is made in good faith, the sale will then be permitted to stand, and the reason of this rule is not only founded upon common sense, but it is obvious, for unless it were true it would be a hardship on corporations to undertake to do business, and in many particular instances render it almost impossible for

them to exist, and while it is true that courts are properly prone to scrutinize such transactions and to carefully look into them, unless there is some showing of fraud, unfairness or *mala fides* in such sales, they will not be disturbed. 10 Cyc., par. 16, 813, and numerous cases thereunder cited; *Webb* v. *Rockfeller,* 66 Kan., 166, 71 Pac. 285; *Kitchen* v. *St. Louis Ry. Co.,* 69 Mo. 254; *Atterson* v. *Lewis,* 75 Va., 720.

Where parties were estopped from claiming contract from directors as void. *Prov. Mineral & Mill Co.* v. *Nicholson,* 178 Fed. 36, 101 C. C. A. 157; *Cromwell* v. *McMillian* 177 Fed. 39, 100 C. C. A. 443; *Figge* v. *Bergeuthal,* 130 Wis. 615, 110 N. W. 800. In cases where corporations may avoid a contract even for fraud, they must rescind in a reasonable time depending on particular facts, otherwise the right is lost on the principle of implied ratification by action. *Childs* v. *Mo. Ry. Co.,* 221 Fed. 222, 136 C. C. A. 629. We find numerous authorities holding that contracts of those in a fiduciary relation to a corporation, even when void, may be validated by ratification. *Foster* v. *Bear Valley Co.,* 65 Fed. 846; *Stanley* v. *Luse,* 58 Pac. 78, and *Atterson* v. *Lewis,* above cited, 75 Va. 720.

Even if the sale from appellant to Leland J. Henderson was voidable as against said Henderson, it cannot now be voidable in the hands of a subsequent purchaser, Williams and his wife, as the right is lost by the delay if for no other reason, and even if the deed were irregular on its face, which is not true. *Davis* v. *Nueces Valley Irrigation Co.,* 103 Tex. 348, 126 S. W. 7.

Certainly the appellant, the same corporation, who sold this land to Leland J. Henderson thirteen years ago and has quietly sat by for all these years, will not be allowed to question the validity of the title of the appellees, Williams and his wife under the allegations of the bill of complaint in this case. As shown by the authorities above cited, even if there was irregularity on the face of the deed of appellant to Leland J. Henderson, appellant would not now be allowed to disturb what it might have at one

time treated as avoidable transaction, but in the present case we submit there was no voidable transaction because the sale conformed in all of its phases to the rule of law permitting a corporation to make a sale to one of its directors, where the same is in good faith, and that no fraud enters into the transaction and the court will bear in mind that none of these things are charged in this bill of complaint.

Anderson, J., delivered the opinion of the court.

This is a bill by the appellant, the Mexican Gulf Land Company, a Mississippi corporation, against the Globe Trust Company et al., appellees, to cancel and set aside as a cloud on its title to certain lots claimed by it in Harrison county described in the bill, the paper exhibited with the bill purporting to be its own deed to the lots in question to one of the appellees, Leland J. Henderson, made in 1909, as well as all conveyances made since that time to those claiming title or any interest in the land in question through Henderson under said deed, all of whom were made parties defendant. Appellees, defendants in the court below, demurred to the bill, which demurrer was sustained by the court, and an appeal granted to the appellant, the Mexican Gulf Land Company, to settle the principles of the cause.

The grounds relied on in the bill to set aside and cancel these conveyances are substantially as follows: That the consideration, two thousand, three hundred, sixty-two dollars and fifty cents, recited in the paper purporting to be a deed from appellant to appellee, Leland J. Henderson (on the validity of which all subsequent conveyances to those claiming thereunder are made to depend), was "feigned and fictitious," and had never been paid by the grantee. And, using the language of the bill:

"That in addition said alleged deed of January 25, 1909, is void on its face; and the attempted record or registration thereof imports nothing, and the same was never sub-

ject to recording. That the'same was never acknowledged by the president of the company, the complainant, as required by the laws of the state of Mississippi, nor by any other officer thereof. That said deed pretends to be acknowledged by the secretary of said company, and, as appears therefrom, the grantee in said instrument, Leland J. Henderson, who in. fact was one and the same person, and therefore incompetent to convey land to himself."

In the view taken by the court it is not necessary to go beyond the deed from appellant to appellee Leland J. Henderson, made in 1909, and the allegations of the bill touching the facts of its execution and its form and contents; for the whole case turns on the validity of this deed.

It is contended on behalf of appellant that the deed in question is void because the grantee therein, Leland J. Henderson, joined in its execution for the appellant company as its secretary; that as such secretary he occupied a relation of trust toward the stockholders of the company, and for that reason under the law he could not be both grantor and grantee in the deed.

.For the purposes of this decision it may be conceded that the deed would be void if the secretary of appellant company alone had executed it for his company, but that is not the fact, because the allegations of the bill show, as does the deed itself, that the president of appellant company, Elliott Henderson, also joined in the execution of the deed on behalf of appellant company. Section 2766 Code of 1906 (section 2270, Hemingway's Code) among other things, provides that a corporation may convey its lands under the corporate seal and the signature of an officer. Therefore, eliminating the secretary, Leland J. Henderson, from the deed as grantor therein for appellant company, there is left a deed in due form executed by the appellant company through its president, Elliott Henderson. We are unable to see how the fact that the secretary occupied this dual relation in the execution of the deed rendered void the action of the president of the company in executing the deed for his company.

It is further contended on behalf of appellant that the acknowledgment of the deed by the president of appellant company is void because the certificate of the officer taking same fails to show the state and county, or venue, wherein he acted; that under the laws of this state an officer taking an acknowledgment to a conveyance acts judicially, and the venue of such an acknowledgment is jurisdictional, and, if not shown, the acknowledgment is void, and the conveyance is not entitled to be recorded, and therefore, if recorded, does not import constructive notice. For the purposes of this decision this contention may also be conceded. There is no statute in this state requiring conveyances of real estate by corporations to be acknowledged and filed for record in order to be valid between the parties. Section 2766, Code of 1906 (section 2270, Hemingway's Code), referred to above, is the only statute we have on the subject, and it simply provides as stated above, that a corporation may convey its lands under the corporate seal and the signature of an officer, and provides further that "such officer signing the same may acknowledge execution of the deed, or proof thereof may be made as in other cases." Acknowledgment and recording are not made compulsory. They are only for the purpose of registration and constructive notice. They have nothing to do with the validity of the deed as between the parties thereto. The deed as between the parties, is just as good without as with those formalities.

We therefore have a deed valid on its face, and, in the opinion of the court, taking the allegations of the bill for their full value, no ground has been shown to set it aside. There is no charge in the bill that the grantee, appellee Leland J. Henderson, practiced any fraud whatever upon the appellant in procuring the deed. It is true the bill avers that the consideration recited in the deed was "feigned and fictitious," and had never been paid. That, however, is no ground to set aside and cancel the deed. If fraud is relied on, the main facts constituting the fraud

must be set out in the pleading specifically and without equivocation; it cannot be left to mere inference.

For aught that appears in the bill to the contrary, the president of the appellant company may have been authorized and required to make the deed in question by a resolution to that effect passed by all the stockholders as well as all the directors of the company at legal meetings of each. The deed itself, which is made a part of the bill, expressly recites on its face that it was made in conformity to a resolution of the appellant company, passed at a meeting of the company, and recorded in its minutes.

*Affirmed and remanded.*